Filed 02/05/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04631

---

**Janet Cote v. Vermont Agency of Natural Resources**

---

## ENTRY REGARDING MOTION

Title:        Motion for More Definite Statement  (Motion: 1)
Filer:        David R. Mclean
Filed Date:   December 19, 2023

Plaintiff brings this action against Defendant seeking damages flowing from various, unclearly delineated causes of action.  Defendant has filed a motion for a more definite statement.  Vt. R. Civ. P. 12(e).  Plaintiff opposes the motion.  The Court makes the following determinations.

Vermont's Rule 12 parallels Federal Rule of Civil Procedure 12.  "Motions pursuant to Rule 12(e) are disfavored and should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.,* 211 F.R.D. 71, 76 (E.D.N.Y. 2002).  Typically, our Rules rely on discovery to flesh out the factual details of a plaintiff's claim.

Nonetheless, the Court has wide discretion in whether to grant a motion for a more definite statement.  *Kuklachev v. Gelfman,* 600 F.Supp.2d 437, 456 (E.D.N.Y. 2009).

Motions for a more definite statement are more likely to be granted in instances where potential threshold defenses exist that could turn on additional factual details. *See* 5C Charles Wright, Arthur Miller, and Mary Kane, *Fed. Prac. & Proc. Civ.* § 1376 (3d ed.). Additionally, they can be appropriate where the pleading fails to put a defendant on proper notice of the claim against it. *See Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (motion may be granted where "the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it" (internal quotation omitted)); Vt. R. Civ. P. 8(a).

In this instance, the Court agrees that the complaint fails provide Defendant sufficient notice of Plaintiff's claim and that it would be prejudiced by attempting to respond to it. While notice pleading is permitted under Rule 8, the instant complaint contains virtually no facts that might form a basis for Plaintiff's claims. Further, the motion raises the possibility of defenses, such as statute of limitations and governmental immunity, that potentially could be implicated in this action. Absent some factual allegations, Defendant cannot make a determination in that regard or submit an appropriate answer.

The motion is granted. Plaintiff is to prepare an amended complaint. It shall contain "a short and plain statement of the claim showing that the pleader it entitled to relief." Further, the complaint must contain, at least, some factual allegations

supporting each element of the claims asserted. *See Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10, 184 Vt. 1, 9.

WHEREFORE, the motion is granted. An amended complaint shall be submitted to the Court and served within 30 days.

Electronically signed on Friday, February 2, 2024, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge